Moncure, J.,
after stating the case, proceeded :
The question for our decision is, Did the Circuit court err in sustaining the demurrer ?
I am of opinion that it did. The special replication neither traverses, nor confesses and avoids the matter of the first plea ; but relies on the facts therein stated, and especially the bond, as an estoppel. It has all the substance, but not the peculiar commencement and conclusion of a pleading by way of estoppel. If the facts stated in a replication, although it may have an informal commencement or conclusion, constitute a legal bar to the matter of the plea, a general demurrer thereto ought to be overruled. This would be the case in a common law action; and is a fortiori the case in a summary motion, in which the pleadings may be ore temes, and the court may pronounce judgment on the evidence. McKinster v. Garrett, 3 Rand. 554. The pleadings in a motion are sometimes in writing; but in such cases less strictness is required than in common law actions, and an objection that the issues on the pleadings are not formally joined will have no weight. Id. The court may itself try the issues, although of fact, or call in a jury for that purpose, at its discretion. Burke, adm’r, v. Levy’s ex’or, 1 Rand. 1; 1 Rob. Pr. 600.
Then, do the facts stated in the replication constitute a good bar or estoppel to the matter of the plea ? The bond bears date on the 7th of March 1844, the day on which the sheriff qualified; recites that Early *203 had that day qualified as deputy; and is' conditioned, among other things, for the faithful execution of the duties of the office of deputy sheriff, and for the demnity of the sheriff against all liabilities incurred by the acts of the deputy. This is a solemn admission by deed of Early and his sureties, that he was the deputy from and after the 7th of March 1844; and clearly estops them from denying the fact unless the bond is void as being in contravention of the act of 1819, 1 Rev. Code 279, § 15, which declares that no person who shall be appointed to the office of deputy sheriff of a county, shall execute- any of the duties of the office unless the court of such county shall be of opinion and enter of record at the time of his appointment, that he is a man of honesty, probity and good demeanor; nor until he shall have taken in open court, the oath of office and the several other oaths prescribed by law for public officers ; and if he shall presume to do so he shall forfeit and pay to the commonwealth, for the use of the literary fund, a fine of one thousand dollars.
I do not think that the validity of the bond is at all affected by this act, or the supposed failure of the deputy to comply with its requisitions. If the bond had been executed for the purpose of enabling the deputy to violate the act, and the sheriff had participated in or been apprised of that purpose when the bond was executed, the case might have been different. But it is not pretended that he did so participate, or was so apprised. Indeed it is not pretended that there was any purpose on the part of the deputy to violate the law; and if its requisitions were not in fact complied with, I presume, in the absence of averment and proof to the contrary, that the omission arose from mistake or inadvertence. However this may be, Is the sheriff who is innocent, to lose the benefit of the bond, because the deputy failed to com *204 ply with the'law? Will the deputy be allowed to take advantage of his own wrong? To escape the consequences of a violation of his bond by showing that he violated also the requisitions of the law ? The ac^’ *n ^erms’ imposes no duty upon the sheriff in this respect. Its requisitions are made of the deputy, and its penalty is laid alone on him.
The office of sheriff in Virginia for many years preceding the present constitution, was considered as a reward, and was the- only reward of the justices for their public services. They seldom performed the duties of the office in person, but sold its deputation to others; and such sale, by a judicial construction of the proviso to the statute against selling offices, was decided to be legal; Salling v. McKinney, 1 Leigh 42; and in the new Code'is expressly excepted from the prohibition therein contained. Code, p. 85, § 5 and 6. The genera], and almost universal, practice was, that the person to whom the deputation of the office was sold, not only executed a private bond with surety to the sheriff, but furnished the sureties in the bonds of the sheriff, and attended to all the details of the qualification both of the sheriff and his deputies. The former rarely did more than sign the public bonds and take the oaths of office; trusting the rest to the person to whom he had deputed the office, and from whom he had received ample indemnity. If, from design or inadvertence on the part of the députy, and without the knowledge of the sheriff, there was any irregularity in the qualification of the former, or a failure to comply with any of the requisitions of the law in regard thereto, would he be allowed to avoid the obligation of his bond by pleading such irregularity or failure on his part ? I think not; and as the case under consideration is such a case, I therefore think the bond is a good estoppel of the matter of defence set up in the first plea. On the subject of estoppels by bonds, see *205 Cox and others v. Thomas’ adm’x, 9 Gratt. 312, and cases therein cited.
I also think that the case of Lane v. Harrison, 6 Munf. 573, relied on by the counsel for the plaintiff, shows that such a defence cannot be made under such circumstances. It is true that that case occurred prior to the act of 1819 ; but the counsel for the defendants are mistaken in supposing that, as the law then was, a deputy might qualify for an official term of two years, and that it was unnecessary for him to qualify anew upon the expiration of the first year. In the case of The Commonwealth v. Fairfax, 4 Hen. & Munf. 208, it was decided that though a person might be continued in the office of sheriff for two successive years, an annual nomination, appointment and bond were necessary ; and that the words, “ during his continuance in office,” inserted in the bond executed the first year, had reference to the actual duration of the office by virtue of the appointment under which the bond was taken. In the case of Munford v. Rice, 6 Munf. 81, the same words in the bond of the deputy executed the first year, received the same construction, and were limited to that year. The case was considered as falling within the principles of that of The Commonwealth v. Fairfax, and as not coming within the decision in Royster v. Leake, 2 Munf. 280, in which the condition of the bond stated that the deputy was to act as such until Goochland November court 1804: And that stipulation was considered as added to, and extending the expression “ during his continuance in office,” beyond the year for which his principal was first appointed; and which, in this private contract between the sheriff and his deputy, it was competent for them to do. See the opinion of the court, pronounced by Roane, J. in Munford v. Rice. The act of 1792, which governed the case of Lane v. Harrison, and the act of 1819, which governs this case, do not materially differ from each other so far as affects the question *206 under consideration. Each required a yearly appointment and qualification of the sheriff and the deputy. Each contained the provision (and in the same words) that no person should be capable of executing the office of deputy sheriff of any county for any longer time than two years in any period of four years, unless he should produce to the court of the county satisfactory proof of his having collected and accounted for the taxes assigned to him by his former principal. Each prohibited him from executing the duties of his office without taking the oaths prescribed by law for public officers. And the only difference was that the act of 1819 superadded an additional prohibition to those contained in the act of 1792, and imposed a penalty of one thousand dollars on any person appointed to the office of deputy sheriff, who should presume to execute any of the duties of the office before such entry of record should have been made as required, or without having taken the oaths aforesaid. If under the act of 1792, a person who had been appointed, given bond, and acted as deputy sheriff, could not avoid his bond by pleading that he had not taken any oath of office, and his appointment had not been approved by the court, as was decided in the case of Lane v. Harrison; no more, under the act of 1819, could such a person avoid his bond by pleading, as in this case, that he had not taken the several oaths required by law to be taken by a deputy sheriff, and that the court did not enter of record that he was a man of honesty, probity and good demeanor.
I think that the judgment of the Circuit court ought to be reversed, the demurrer overruled, and the case remanded to the Circuit court for further proceedings.
The other judges concurred in the opinion of Judge Moncure.
Judgment reversed.